On April 9, 1998, a complaint was filed against appellant, Veronica Bricker, a minor, alleging delinquency in committing a felonious assault in violation of R.C. 2903.11. Said charge arose from an incident on March 7, 1998 involving one Merice Copeland.
On April 24, 1998, appellant pled true to the charge. By judgment entry filed May 20, 1998, the trial court committed appellant to the Department of Youth Services for one year.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE APPELLANT'S CONVICTION SHOULD BE OVERTURNED AND APPELLANT GRANTED A NEW TRIAL BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION AND THE VERDICT AND RESULTING SENTENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
II
 OTHER ERRORS WERE COMMITTED AT THE PLEA HEARING NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
Appellant claims the verdict and resulting sentence were against the manifest weight of the evidence. We disagree.
On April 24, 1998, appellant pled true to the charge. Appellant was accompanied by counsel. April 24, 1998 T. at 4. The trial court advised appellant of her rights to trial and to present evidence. Id. at 5-6. The court accepted appellant's plea and found appellant to be delinquent. Id. at 6.
Upon review, we find the record supports the trial court's finding of delinquency based upon appellant's admission to the charge. No further evidence was required.
As for the one year sentence, R.C. 2151.355 provides in pertinent part:
 (A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
 (5)(c) If the child is adjudicated a delinquent child for committing an act that is not described in division (A)(5)(a) or (b) of this section and that would be a felony of the first or second degree if committed by an adult, commit the child to the legal custody of the department of youth services for institutionalization in a secure facility for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age.
Appellant has a history of running away from placement. May 19, 1998 T. at 16. While in the attention center awaiting disposition, appellant was involved in several "acts"i.e., fighting and verbal arguments. Id. at 16, 18. Appellant's psychological evaluation raised "grave concerns that she's not amenable to verbal therapy." Id. at 15. Appellant's victim was stabbed fourteen times in the back and suffered partial collapse of both lungs. Id. at 10.
Upon review, we find the trial court did not err in committing appellant to the Department of Youth Services for one year.
Assignment of Error I is denied.
 II
Appellant claims there are errors which are apparent on the record but not raised in her brief. We disagree.
Appellant cites to this court the case of Anders v.California (1966), 386 U.S. 738. In Anders, appointed counsel found his indigent client's case to be wholly frivolous and without merit. The United States Supreme Court held it was error for counsel to advise the appellate court by letter without filing any motion or brief on behalf of his client. The case sub judice is distinguishable from Anders in that appellant's appellate counsel filed a brief and in fact assigned an error for review. An Anders claim under this assignment of error has no merit. A review of the record does not reveal any error which would warrant a reversal of appellant's disposition.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.
By Farmer, J. Wise, P.J. and Gwin, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.